(Hamilton Co., O., Common Pleas. 1900.)

## WM. F. WEHRMAN v. FRANK B. MC-FARLAND.

*Petition for accounting—Refusal to allow counsel fees—*

Although the filing of a petition for an accounting and to wind up the affairs of a partnership, or syndicate, all interests being antagonistic, inures to the general benefit, and, if there was a fund in court, compensation for filing the same might be allowed, the court has no authority to require judgments against the partners to include a *pro rata* share of plaintiff's counsel fees of any one party, acting on his own behalf, merely on the ground that he initiated the proceedings.

Exceptions to report of special master.

SPIEGEL, J.

After a careful examination of the very numerous exceptions to the report of Judge Clement Bates, special master herein, both of the law involved in said exceptions and the evidence reported by the master, I can find no valid objections to his report. He has painstakingly examined every question referred to him by me after judgment rendered in this cause, and brought to bear upon them his thorough knowledge of the law and his ability to sift the evidence so as to arrive at a just conclusion upon the facts. His report will be confirmed, without going into details upon every exception raised, and the latter are overruled.

The only other question to be determined is the application for an allowance of plaintiff's

attorney fees. The parties to this cause are all antagonistic; no one has done anything with the purpose of acting on behalf of all. The filing of the petition certainly does inure to the general benefit; but it is the only step of that kind, and its filing was not on behalf of all, but to enforce plaintiff's individual rights. Were there a fund under the court's control, compensation for filing the petition would have been rightly allowed in accordance with the decision in *Payne* v. *McNamara*, 6 Circ. Dec., 62. But there being no funds or assets, but only personal judgments against the partners, this court can not require these judgments to include a *pro rata* share of plaintiff's counsel fees, or render an additional judgment for the attorneys' fees of any one party acting on his own behalf alone, merely on the ground— for I can find none other—that he initiated the proceedings. Indeed, to do so, would be to invite the same race for forcing such suits that has become somewhat of an abuse in partition cases.

The motion must be refused.

----

(Clinton Co., O., Common Pleas, July, 1900.)
IN RE ASSIGNMENT OF JOSEPH W. SUMMERS.

----

*Constitutional Law—Act relating to conveyances by Insolvents—*

1. Section 6343, Rev. Stat., as amended 39 O. L., 290 and 291, providing that every sale, conveyance, transfer, mortgage or assignment made by a debtor or debtors in contemplation of insolvency shall be void, or, in the event of a deed of assignment for creditors being filed within ninety days after the giving thereof, shall be void, if such debtor or debtors were actually insolvent at the time of such giving and providing that nothing therein contained shall affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage, if the same be properly filed, as therein described, is constitutional.

*Sec. 6344, R. S., is also Constitutional—*

2. Section 6344, Rev. Stat., as amended 39 O. L., 290 and 291, providing that any creditor as to whom any of the acts in sec. 6343 are void may commence an action to have such acts declared void, and any assignee shall bring suit to recover all property so sold, conveyed, mortgaged or assigned, or in case of his failure to commence such suit, upon notice to do so by a creditor, such creditor may himself commence such suit, is constitutional.

*Mortgage by Insolvent—Validity—*

3. A chattel mortgage given by an insolvent person to a bank to secure a certain sum of money, within ninety days before making an assignment for creditors, a part of which sum was an old debt owed by the insolvent to the bank, and a part was for money advanced by the bank to the insolvent at the time of the giving of the mortgage, is void as to the pre-existing indebtedness and valid as to the money so advanced.

----

BROWN, J.

This matter comes before the court on appeal from the probate court.

Joseph W. Summers made a general assignment for the benefit of his creditors to E. J. Hiatt and the same was duly filed in the office of the probate judge of said county on November 29, 1899, at 12:40 P. M. Hiatt forthwith qualified as assignee and has been acting as such.

On December 12, 1899, the assignee applied to the probate court for an order of sale of the personal property, the personal property was sold and before distribution, the New Vienna Bank, claiming to be a creditor, on January 22, 1900, was made a party defendant and leave was granted to plead forthwith. And thereupon it filed its answer and cross-petition.

It avers that it is a partnership organized under the laws of Ohio for the purpose of carrying on a banking business, waives the issuing and service of summons and voluntarily enters its appearance, and avers that said Joseph W. Summers is indebted to it in the sum of one thousand dollars on a promissory note, dated November 27, 1899; that at the time of the delivering of said note, the said Summers executed and delivered to it a chattel mortgage upon the following described goods and chattels: 135 hogs, 25 long yearling steers, and 25 yearling steers, all being on the farm of said Summers in Greene township, Clinton county, Ohio, and sets up the condition of the mortgage, that the mortgage was duly filed at 12:30 P. M. on November 27, 1899; that the bank had no other security therefor and asks the court to determine the amount due upon the note and asks for payment from the fund.

The assignee files an answer to this pleading, admitting that the bank is a partnership, averring that he knows nothing of the various matters set forth in the cross-petition and therefore denies them. For a second defense, says that the note, for a thousand dollars set up by the bank represented an old debt which was simply renewed about September 27, 1899, for the purpose of giving said New Vienna Bank a preference for the exclusion in whole or in part of the other creditors of Summers; that Summers was, on November 27, 1899, insolvent; that on November 28, at 12:40 P. M., he made a general assignment to the said E. J. Hiatt, who forthwith qualified and is now the assignee; that the execution and delivery of the mortgage to the bank was with the intent